**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

TRAVIS BROWN,

      Appellant,

    v.

DEPARTMENT OF STATE,

      Agency.

DOCKET NUMBER
CB-7121-25-0010-V-1

DATE:  July 30, 2026

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Travis Brown</u>, Greenland, New Hampshire, pro se.

<u>Marianne Perciaccante</u>, <u>Camille V'Estres</u>, and <u>Rachael Orejana</u>,
    Washington, D.C., for the agency.

<u>Gerard E. Riddick</u>, Clarksburg, Maryland, for the agency.

**BEFORE**

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

**FINAL ORDER**

The appellant has filed a request for review under 5 U.S.C. § 7121(d) of an arbitration decision that found that a September 2023 grievance regarding his right to back pay was not arbitrable.  For the reasons discussed below, we DISMISS the request for review for lack of jurisdiction.  We have also considered

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

the appellant's request as a request to reopen a withdrawn appeal under 5 C.F.R. § 1201.118, and we DENY his request.

## BACKGROUND

The appellant works as a Passport Specialist at the agency's office in Portsmouth, New Hampshire. In November 2021, the appellant filed an appeal with the Board challenging the agency's continuation of his indefinite suspension for failure to maintain a condition of employment, i.e., the suspension of his security clearance. *Brown v. Department of State*, MSPB Docket No. SF-0752-22-0091-I-1, Initial Appeal File (IAF), Tab 1. The administrative judge issued an initial decision dismissing the appeal as untimely filed without good cause shown for the delay. IAF, Tab 9. By order dated August 28, 2023, the Board granted the appellant's petition for review of the initial decision, reversed the initial decision, and remanded the case for further adjudication. *Brown v. Department of State*, MSPB Docket No. SF-0752-22-0091-I-1, Remand Order (Aug. 28, 2023). In the Remand Order, the Board discussed the temporary nature of indefinite suspensions and the fact that the appellant had been indefinitely suspended for over 6 years and ordered the agency on remand to "submit evidence and argument to the administrative judge proving by preponderant evidence the validity of the indefinite suspension by showing that there is an ascertainable end in sight such that the action can meet the statutory criterion of temporariness." Remand Order, ¶ 9. The Board also ordered the agency to "submit evidence and argument to the administrative judge proving by preponderant evidence that the conditions supporting the continuation of the indefinite suspension are still in effect," or, rather, that the agency had not made a final determination concerning the appellant's eligibility for a security clearance, there was not sufficient evidence to return the appellant to duty, and there was not sufficient evidence to support additional administrative action. Remand Order, ¶ 10. The Board directed the administrative judge to adjudicate

the case as discussed and "issue a new initial decision that determines whether the agency's indefinite suspension action meets the statutory criterion of temporariness and, if so, whether the conditions subsequent that would end the indefinite suspension have been met." Remand Order, ¶ 11.

While the case was pending on remand, the agency submitted evidence showing that it had reinstated the appellant's security clearance, terminated his indefinite suspension, and returned him to duty. The agency argued that the case was moot. *Brown v. Department of State*, MSPB Docket No. SF-0752-22-0091-B-1, Remand File (RF), Tab 4 at 11-17. In response, the appellant—then represented by counsel after having first proceeded pro se—maintained that the agency had still failed to show that the indefinite suspension was valid and temporary and, for the first time, argued that the indefinite suspension was constitutionally invalid because the agency had not given him the opportunity to respond to the proposed indefinite suspension. RF, Tab 7 at 4, 10-12. After reviewing the party's pleadings, the administrative judge issued a Hearing Order finding that because the "undisputed record evidence" showed that the agency reinstated the appellant's security clearance on or about August 8, 2023, and returned him to duty shortly thereafter, the agency proved that there was an ascertainable end to the appellant's indefinite suspension and that the indefinite suspension was therefore valid. RF, Tab 8 at 1-2. However, he concluded that an issue remained as to whether the appellant's completion of a Last Chance Agreement in August 2017 was a condition subsequent requiring the agency to end the appellant's indefinite suspension and return him to duty or take additional administrative action, and that it was thus necessary to convene an evidentiary hearing to resolve that issue. *Id.* The administrative judge addressed the appellant's newly raised constitutional due process argument but found that issue "to be outside the scope of the Board's Remand Order." *Id.* at 2. The administrative judge stated that he would not hear evidence or argument on that

issue but noted that the appellant could file a separate appeal with the Board if he wished to pursue that claim further. *Id.*

The appellant thereafter submitted a motion for certification of an interlocutory appeal arguing that the administrative judge's order limiting the hearing to the issue noted above risked an unconstitutional result and unduly limited the scope of the hearing and potential remedies. RF, Tab 9 at 4. The appellant claimed that he should be permitted to challenge the validity of the suspension "on any basis" and have an opportunity "to prove he is entitled the full make whole remedy of a clean employment history plus six and a half years of backpay, and any other appropriate remedy." *Id.* at 7. The administrative judge denied the appellant's motion. RF, Tab 12. Adjudication of the appeal continued but, shortly before the hearing, the appellant submitted a request to withdraw the appeal. RF, Tab 16. The appellant stated that he was "seeking to withdraw the appeal (potentially vacating the initial decision of the administrative judge) rather than the petition for review (leaving in place the initial decision of the administrative judge)." *Id.* at 4. The administrative judge issued an order finding good cause to cancel the upcoming hearing and warned the appellant of the consequences of withdrawing his appeal and provided him with an opportunity to respond. RF, Tab 17. The appellant did not respond. Consequently, on March 14, 2024, the administrative judge issued a remand initial decision finding that the appellant's withdrawal was freely and knowingly made and dismissing the appeal. RF, Tab 18, Remand Initial Decision (RID) at 1-2. The initial decision became final on April 18, 2024, when neither party filed a petition for review. RID at 3.

On January 9, 2025, the appellant filed a request for review of an arbitration decision—the instant matter. *Brown v. Department of State*, MSPB Docket No. CB-7121-25-0010-V-1, Request for Review (RFR) File, Tab 1. On his appeal form he states, "I am requesting back pay for the unpaid time I served on an overturned indefinite suspension . . . An arbitrator found he could not make

a decision on the grievance that was filed because I previously filed an MSPB complaint on this issue." *Id.* at 2. He added, "I request if the MSPB can rule on the backpay complaint in spite of the parties['] agreement to withdraw with prejudice." *Id.* He attached an arbitration decision dated December 13, 2024, in which the arbitrator found a September 2023 grievance regarding the appellant's right to back pay not arbitrable because the parties' collective bargaining agreement prohibited the appellant from seeking relief both in the grievance procedure and with the Board. *Id.* at 6-20.

The Clerk of the Board issued an Acknowledgement Order informing the appellant of the requirements for establishing Board jurisdiction over a request for review of an arbitration decision and directing him to file evidence and argument proving that his request meets the jurisdictional standard. RFR, Tab 2. In his response, the appellant alleges that the Board has jurisdiction over the arbitrator's award because the arbitrator indicated as much, and he states that he seeks "to reopen this matter before the MSPB based on new or unusual evidence that has come to light." RFR, Tab 3 at 4-10. The agency filed a motion to dismiss the appeal, arguing that the Board lacks jurisdiction because the appellant did not allege discrimination during the underlying arbitration or on his appeal form. RFR, Tab 4 at 4. The agency also asserts that the appellant has not offered any basis in statute or case law for undoing the withdrawal of his prior Board appeal. *Id.* In the appellant's reply, he argues that the agency is mischaracterizing the nature of his appeal, which is "not based on discrimination," and he asserts that Board precedent allows for the reopening of cases when new or unusual evidence emerges that materially affects the case, such as the agency's denial of back pay following his reinstatement here. RFR, Tab 5 at 4-5.[2]

---

[2] The appellant also filed a request to supplement his prior response to "add new evidence and argument with a Labor Board Memo." RFR, Tab 6 at 3.

**ANALYSIS**

<u>The Board does not have jurisdiction over the appellant's request for review of the arbitrator's decision.</u>

As the Clerk of the Board properly explained in the Acknowledgement Order, the Board has jurisdiction over a request for review of an arbitration decision if:  (1) the subject matter of the grievance is one over which the Board has jurisdiction; (2) the appellant either (i) raised a claim of discrimination under 5 U.S.C. § 2302(b)(1) with the arbitrator in connection with the underlying action, or (ii) raises a claim of discrimination in connection with the underlying action under 5 U.S.C. § 2302(b)(1) for the first time with the Board if such allegations could not be raised in the negotiated grievance procedure; and (3) a final decision has been issued.  *Jones v. Department of Energy*, 120 M.S.P.R. 480, ¶ 8 (2013), *aff'd sub nom. Jones v. Merit Systems Protection Board*, 589 F. App'x 972 (Fed. Cir. 2014); 5 C.F.R. § 1201.155(a)(1), (c).  It is the appellant's burden to prove that the Board has jurisdiction by preponderant evidence.  5 C.F.R. § 1201.56(b)(2)(i)(A).

Here, the appellant explicitly acknowledges that he "has never claimed that this case is based on discrimination" and that discrimination is "completely irrelevant" to the basis of his appeal.  RFR, Tab 5 at 5.  As a result, the appellant's own submissions make clear that he has not satisfied condition (2).  We therefore find that we do not have jurisdiction to review the arbitrator's decision.

<u>The appellant's request to reopen his withdrawn appeal is denied.</u>

As noted above, with his request for review, the appellant asks the Board to reopen his withdrawn appeal based on new or unusual evidence.  RFR, Tab 3 at 10, Tab 5 at 5-6.  The Board's regulations provide that the Board may at any time reopen any appeal in which it has issued a final order or in which an initial decision has become the Board's final decision by operation of law.  5 C.F.R. § 1201.118.  However, the Board will exercise its discretion to reopen an appeal

only in unusual or extraordinary circumstances and generally within a short period of time after the decision becomes final. *Id.* Generally, the withdrawal of an appeal is an act of finality that has the effect of removing the appeal from the Board's jurisdiction. *E.g., Duncan v. U.S. Postal Service*, 96 M.S.P.R. 448, ¶ 8 (2004). Absent unusual circumstances such as misinformation or new and material evidence, the Board will not reopen or reinstate an appeal once it has been withdrawn merely because the appellant now wishes to proceed before the Board. *Id.*

The appellant here does not allege that his withdrawal decision was the product of misinformation or any kind of pressure or coercion, and the record shows that the appellant's relinquishment of his right of appeal was clear, unequivocal, and decisive. RF, Tabs 16-17; RID at 2; *see Simon v. Department of Justice*, 112 M.S.P.R. 169, ¶ 7 (2009). Rather, the appellant requests that his appeal be reopened due to new and material evidence. He claims that the agency improperly failed to provide him with back pay after returning him to duty following his indefinite suspension, which he argues he did not know at the time he filed his original appeal and significantly affects the outcome of his case. RFR, Tab 3 at 8, Tab 5 at 4-5. He claims that the administrative judge's "refusal" to address the issue of back pay when he first requested it in his motion for certification of an interlocutory appeal "necessitates reconsideration of the case," and he asks the Board to grant a hearing on the merits of the case to "resolve" the back pay issue. RFR, Tab 3 at 8, Tab 5 at 7.

We find that the appellant's allegation that the agency denied him back pay when it returned him to duty following his indefinite suspension is not new and material evidence that constitutes reopening his withdrawn appeal. As the appellant explicitly acknowledges, the agency informed him in August 2023 that it would not provide him with back pay, and the appellant then asked the administrative judge to decide the back pay issue in his withdrawn appeal. RFR, Tab 3 at 5. The administrative judge declined and appropriately pointed out that

the appellant's motion for certification of an interlocutory appeal simply disagreed with the administrative judge's ruling as to the scope of the issues appropriate for adjudication. RF, Tab 12 at 1. The appellant then withdrew his appeal. The fact that the appellant has now changed his mind and wishes to proceed is not a basis to reopen his withdrawn appeal.[3] *See Jackson v. Office of Personnel Management*, 31 M.S.P.R. 501, 502 (1986) (finding that the appellant's change of mind and assertion that he withdrew his appeal in haste did not constitute grounds for review).[4]

### NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

---

[3] We deny the appellant's request to supplement his responses with "new evidence and argument with a Labor Board Memo." RFR, Tab 6 at 3.

[4] To the extent that the appellant believes he has a new claim, he may file a separate appeal with the Board. *See* RFR, Tab 5 at 6-7.

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:        _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.